**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MICHAEL GUNTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2492-KHV |
| THE TRAVELERS INDEMNITY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

In the District Court of Wyandotte County, Kansas, Michael Gunther filed suit against The Travelers Indemnity Company for not responding to and/or paying his claim for underinsured motorist benefits.[1] Gunther sought more than $50,000 in unpaid benefits plus prejudgment interest, penalties and costs. Petition On Contract For Underinsured Motorist Benefits (Doc. #1-1) filed July 31, 2012. Under K.S.A. § 40-256, plaintiff also sought attorney fees based on vexatious refusal to pay. Travelers removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Notice Of Removal Based On Diversity Of Citizenship (Doc. #1) filed July 31, 2012. This matter is before the Court on plaintiff's Motion For Remand To State Court (Doc. #4) filed August 15, 2012. For the reasons stated below, the Court sustains the motion.

**Factual And Procedural Background**

On July 12, 2012, plaintiff commenced this action in the District Court of Wyandotte County, Kansas. The Petition On Contract For Underinsured Motorist Benefits (Doc. 1-1) alleges

---

[1] Travelers Home and Marine Insurance Company accepted service and answered plaintiff's petition. It states, however, that plaintiff incorrectly identified defendant as The Travelers Indemnity Company and Travelers Insurance Company. Answer (Doc. #3) filed August 7, 2012.

the following facts:

On or about October 9, 2010, plaintiff was a named insured under an automobile policy issued by Travelers. Among other coverages, the policy provided underinsured motorist coverage in the amount of $50,000 per person and $100,000 per accident. The policy was in full force and effect on October 9, 2010.

On October 9, 2010, plaintiff was driving on Interstate 70 when Marie Melendez – the driver of another vehicle – negligently and carelessly stopped her vehicle in the roadway on Interstate 70, in the pathway of plaintiff's vehicle. As a direct and proximate result of Melendez's negligence and carelessness, plaintiff's vehicle struck the stopped vehicle. Plaintiff sustained a dislocated hip, severely comminuted posterior wall acetabular fracture, left ring finger laceration and related injuries and medical conditions requiring medical treatment including surgery. He has incurred medical bills, endured pain and suffering and the loss of enjoyment of life, and will in the future incur further medical bills from medical treatment, pain and suffering, loss of the enjoyment of life, disability and disfigurement, with total damages in excess of $50,000.

As defined by defendant's policy, Melendez was an underinsured motorist. She carried vehicle liability insurance coverage limited to $25,000 per person and $50,000 per accident. In January of 2012, Allstate Insurance Company, on behalf of Melendez, agreed to pay its policy limit of $50,000 to all persons injured or damaged in the subject accident, which included a $1,000 payment to plaintiff. Before accepting the payment, plaintiff (through his attorneys) obtained defendant's consent (through its agent and attorney Daniel P. Hanson) to accept the payment and to sign a release in favor of Melendez, which in fact occurred.

On or about January 31, 2012, plaintiff submitted an offer to settle the underinsured motorist

claim with Travelers for the remaining per person limits. Travelers did not respond. Its refusal to respond to the offer and/or to pay plaintiff underinsured motorist benefits is vexatious, entitling him to interest, penalties and attorney fees.

On July 31, 2012, defendant removed the action to this Court. The Notice Of Removal Based On Diversity Of Citizenship (Doc. #1), alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant alleges that plaintiff seeks $50,000 in underinsured motorist benefits and attorney fees which, if awarded, could exceed $25,000.01. See Frakes v. Farm Bureau Mut. Ins. Co., No. 06-2110-CM, 2007 WL 2071755 (D. Kan. July 19, 2007).

**Legal Standard**

A civil action is removable only if plaintiff originally could have brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). It requires the Court to deny jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See id. Accordingly, the Court must strictly construe the federal removal statute, and resolve any doubts concerning removability in favor of remand. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002); J.W. Petroleum, Inc. v. R.W. Lange, 787 F.

Supp. 975, 977 (D. Kan. 1992).

The burden is on defendant, i.e. the party requesting removal, to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Defendant asserts diversity jurisdiction under 28 U.S.C. § 1332(a), which provides original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The parties do not dispute diversity. The face of the petition and notice of removal indicate that the parties are diverse for purposes of Section 1332(a)(1).

Where the amount in controversy is not apparent from the face of the state-court petition, a removing defendant must prove by a preponderance of evidence jurisdictional facts which show that the amount in controversy may exceed $75,000. McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008). Defendant may prove jurisdictional facts by contentions, interrogatories or admissions in state court, calculations from the complaint, reference to plaintiff's informal estimates or settlement demands, affidavits from experts or any other way of establishing what the controversy between the parties amounts to. Id. at 954 (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-43 (7th Cir. 2006)). Once defendant has established the requisite jurisdictional facts, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." Id. at 955.

## Analysis

Plaintiff argues that the Court should remand because the amount in controversy does not exceed $75,000.00. The complaint seeks "a sum in excess of $50,000.00" plus interest, penalties and attorney fees under K.S.A. § 40-256. Defendant contends that statutory attorney fees under Section 40-256 will likely exceed $25,000.01, which together with plaintiff's prayer for more than $50,000, would be greater than $75,000. Plaintiff counters that (1) attorney fees under Section 40-256 do not count toward the amount in controversy because the statute specifically states that attorney fees awarded under the statue be "recovered and collected as part of the costs," K.S.A. § 40-256; and (2) defendant's conclusory assertion as to possible attorney fees is insufficient to establish that the amount in controversy exceeds $75,000.

Section 40-256 provides as follows:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in K.S.A. 40-201, . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs . . . .

K.S.A. § 40-256.

The U.S. Supreme Court "has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (citing Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)). In Jones, a lower court found that "because the state statute directed that attorneys' fees should be treated as costs, they were costs within the removal statute." 290 U.S. at 202. But the Supreme Court rejected this finding. Id. Citing Sioux County, Nebraska v. National Surety Co., 276 U.S. 238

-5-

(1928), the Supreme Court held that "the mere declaration of the state statute could not alter the true nature of the obligation." Jones, 290 U.S. at 202. It reasoned that

> the present respondent sought to enforce the liability imposed by statute for his benefit – to collect something to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes.

Id.

Perhaps for this reason, this Court has assumed that attorney fees sought under Section 40-256 count toward the jurisdictional amount in controversy for purposes of determining diversity jurisdiction. See Frakes v. Farm Bureau Mut. Ins. Co., No. 06-2110-CM, 2007 WL 2071755, at *2 (D. Kan. July 19, 2007); Gerig v. Krause Publ'n, Inc., 58 F. Supp.2d 1261, 1264-66 (D. Kan. 1999); Lininger v. State Farm Fire & Cas. Co., 958 F. Supp. 519, 520 (D. Kan. 1997). But even assuming that attorney fees count toward the jurisdictional amount in controversy, defendant has not sufficiently shown that plaintiff's claim puts at issue more than $75,000.

Because the face of the complaint does not satisfy the amount in controversy requirement, the Court looks to defendant's notice of removal. To remain in federal court, defendant's notice of removal must prove jurisdictional facts by a preponderance of evidence such that the amount in controversy may exceed $75,000. As noted above, it may do so by contentions, interrogatories or admissions in state court, calculations from the complaint, reference to plaintiff's informal estimates or settlement demands, affidavits from experts or any other way of establishing what the controversy between the parties amounts to. McPhail, 529 F.3d at 954. Here, the notice of removal simply states that, "should Plaintiff prevail at trial, reasonable attorney fees, if awarded, could exceed the $25,000.01 necessary to vest the Court with jurisdiction." Notice Of Removal Based On Diversity Of Citizenship (Doc. #1) (citing Frakes, 2007 WL 2071755). It provides no basis, however, for

finding this to be true by a preponderance of evidence.

Defendant relies on several cases in which this Court found that attorney fees under K.S.A. § 40-256 made the amount in controversy greater than $75,000.  See Defendant's Response In Opposition To Plaintiff's Motion To Remand (Doc. #5) filed September 5, 2012 at 5-7 (citing Frakes v. Farm Bureau Mut. Ins. Co., No. 06-2110-CM, 2007 WL 2071755, at *2 (D. Kan. July 19, 2007); Gerig v. Krause Publ'n, Inc., 58 F. Supp.2d 1261, 1264-66 (D. Kan. 1999); Lininger v. State Farm Fire & Cas. Co., 958 F. Supp. 519, 520 (D. Kan. 1997)).  Both Gerig and Frakes are distinguishable because the plaintiff in both cases brought suit in federal court.  See Gerig, 58 F. Supp.2d at 1266; Frakes, 2007 WL 2071755, at *2; see also Minimally Invasive Surgery Hospital v. Arnold, No. 08-2637, 2009 WL 1874033, at *3-4 (D. Kan. June 30, 2009) (distinguishing Gerig from removal case). In each of those cases, plaintiff alleged facts sufficient to establish that the amount in controversy exceeded $75,000 and defendant did not show to a legal certainty that he could not recover the alleged amount.  Here, in contrast, plaintiff filed suit in state court and the amount in controversy was not apparent from the face of the state court petition.  Therefore, to establish federal jurisdiction for removal purposes, Travelers must prove by a preponderance of evidence jurisdictional facts which show that the amount in controversy may exceed $75,000.  See McPhail, 529 F.3d at 953 (citing St. Paul Mercury Indem. Co. v. Reed Cab Co., 303 U.S. 283, 289 (1938); Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1216-17 (10th Cir. 2003)); Minimally Invasive Surgery Hospital, 2009 WL 1874033, at *3-4.

In Lininger, a removal case, the Court found that "[a]t this early stage of the litigation, the court cannot say that a reasonable attorney fee will be less than $16,000," which was the amount of attorney fees necessary to make the amount in controversy meet the jurisdictional requirement.  958

F. Supp. at 520.  First, it appears Lininger applied a different standard than the one set forth in McPhail.  Compare id. at 520 with McPhail, 529 F.3d at 952-55.  Second, its persuasive authority is limited because it did not articulate a basis for finding that the petition and/or notice of removal satisfied the amount in controversy.  See Lininger, 958 F. Supp. at 520.

The Court acknowledges that at this stage in the litigation, it may be difficult for defendant to obtain evidence regarding the amount of plaintiff's attorney fees.  See McPhail, 529 F.3d at 953.  Nevertheless, defendant has the burden of proving jurisdictional facts by a preponderance of evidence.  Id. at 955.  For this reason, before responding to a motion to remand, defendant may request time for limited discovery.  Id. at 954; Minimally Invasive Surgery Hospital, 2009 WL 1874033, at *4.  Defendant has not requested time to conduct discovery on the attorney fee issue.  On this record, defendant has not shown that with attorney fees, plaintiff's claim may exceed $75,000.  See Minimally Invasive Surgery Hospital, 2009 WL 1874033, at *4.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Remand To State Court (Doc. #4) filed August 15, 2012 be and hereby is **SUSTAINED**.  The case is hereby remanded to the District Court of Wyandotte County, Kansas.

Dated this 27th day of September, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge